IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSEPH SUBLETT, et al.,           )
                                  )
             Plaintiffs,          )
                                  )
vs.                               )   CIVIL NO. 11-433-GPM
                                  )
AIR & LIQUID SYSTEMS              )
CORPORATION, et al.,              )
                                  )
             Defendants.          )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion for remand to state court brought by Plaintiffs Joseph Sublett and Virginia A. Sublett (Doc. 7). In this case Mr. and Mrs. Sublett seek damages for mesothelioma that Mr. Sublett has contracted allegedly as a result of exposure to asbestos. This case was filed originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, and Defendant General Electric Company ("GE") has removed the case to this Court.[1] Federal subject matter jurisdiction is alleged on the basis of 28 U.S.C. § 1442,

---

1. It appears that, in addition to Air & Liquid Systems Corporation, successor by merger to Buffalo Pumps, Inc., GE's co-Defendants are: Borg-Warner Corp., by its successor-in-interest BorgWarner Morse TEC, Inc.; CBS Corp., a Delaware corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporations, a Pennsylvania corporation, f/k/a Westinghouse Electric Corp.; Crane Co.; Crown Cork & Seal Co.; Foster Wheeler Energy Corp.; Genuine Parts Co.; Goulds Pumps, Inc.; Honeywell International, Inc., individually and as successor to AlliedSignal, Inc., and Bendix Corp.; Imo Industries, Inc.; Ingersoll-Rand Co.; ITT Fluid Products Corp., successor in interest to Bell & Gossett; John Crane, Inc.; Metropolitan Life Insurance Co.; Pneumo Abex LLC, individually and as successor-by-merger to Pneumo Abex, successor-in-interest to Abex, f/k/a American Brake Shoe, f/k/a American Brake Shoe & Foundry, including the American Brakeblok Division, successor-by-merger to the American Brake Shoe and Foundry; Spirax Sarco, Inc.; Sterling Fluid Systems (USA) LLC; Union Carbide Corp.; Warren Pumps, LLC; and Yarway Corp.

the so-called "federal officer" removal statute. Mr. and Mrs. Sublett in turn have moved for remand of this case to state court for lack of subject matter jurisdiction. The motion has been fully briefed, and the Court rules as follows.

In this case, as noted, the asserted basis for federal subject matter jurisdiction is 28 U.S.C. § 1442, which provides, in relevant part, for the removal of "[a] civil action . . . commenced in a State court against . . . [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office[.]" 28 U.S.C. § 1442(a)(1). To effect removal as a person acting under a federal officer, GE must prove three elements: (1) it is a "person" within the meaning of the statute; (2) it acted under the direction of a federal officer, meaning that there is a nexus or causal connection between Mr. and Mrs. Sublett's claims and the acts GE allegedly performed under the direction of a federal officer; and (3) GE has a colorable federal defense to state-law liability. *See Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999); *Mesa v. California*, 489 U.S. 121, 129 (1989); *Wisconsin v. Schaffer*, 565 F.2d 961, 964 (7th Cir. 1977); *Mills v. Martin & Bayley, Inc.*, Civil No. 05-888-GPM, 2007 WL 2789431, at *5 (S.D. Ill. Sept. 21, 2007). Removal pursuant to Section 1442 does not require GE to notify or obtain the consent of any other Defendant in this case in order to remove the entire case to federal court. *See Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 842-43 (S.D. Ill. 2006) (collecting cases). As the proponent of removal, however, GE "bears the burden of establishing federal subject matter jurisdiction," and "[d]oubts concerning removal must be resolved in favor of remand to the state court." *Id*. at 841. *See also Baker v. Air & Liquid Sys. Corp*., Civil No. 11-8-GPM, 2011 WL 499963, at *2 (S.D. Ill. Feb. 7, 2011).

GE claims that it is entitled to invoke federal officer jurisdiction because at least part of Mr. Sublett's alleged exposure to asbestos occurred while he was serving in the United States Navy ("USN") aboard the U.S.S. *Haynsworth* and other vessels for which GE claims that it manufactured turbines that contained asbestos. The parties do not dispute that GE is a "person" for purposes of the first prong of the test of federal officer jurisdiction. *See Glein v. Boeing Co.*, Civil No. 10-452-GPM, 2010 WL 2608284, at *2 (S.D. Ill. June 25, 2010) (a corporation is a "person" within the meaning of 28 U.S.C. § 1442); *Stephens v. A.W. Chesterton, Inc.*, Civil No. 09-633-GPM, 2009 WL 3517560, at *2 (S.D. Ill. Oct. 22, 2009) (same). With respect to the second and third prongs of the test, GE claims that in designing equipment for USN vessels, the company acted under the direction of the USN and that the company is entitled to assert the so-called "government contractor defense" or "military contractor defense." That defense provides generally, of course, that a private contractor is shielded from liability under state law for defects in products or equipment that it produced for the United States if: (1) the United States approved reasonably precise specifications for the products or equipment; (2) the products or equipment conformed to those specifications; and (3) the contractor warned the United States about any dangers known to the contractor but not to the United States. *See Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997-98 (7th Cir. 1996); *Lambert v. B.P. Prods. N. Am., Inc.*, Civil No. 04-347-GPM, 2006 WL 924988, at *6 (S.D. Ill. Apr. 6, 2006). To establish the second prong of the test of federal officer jurisdiction with respect to Mr. and Mrs. Sublett's claim of negligence against GE based on GE's alleged failure to warn of the asbestos contained in the products the company furnished to the USN, GE must produce evidence that the USN prevented the company from complying with its duty to warn under state law. *See Rinier v. A.W. Chesterton, Inc.*,

Civil No. 09-1068-GPM, 2010 WL 289194, at *2 (S.D. Ill. Jan. 19, 2010). Similarly, to establish the first prong of the government contractor defense, GE must show that the USN approved specific warnings that precluded GE from complying with its state-law duty to warn. *See Weese v. Union Carbide Corp.*, Civil No. 07-581-GPM, 2007 WL 2908014, at **7-9 (S.D. Ill. Oct. 3, 2007).[2]

In support of its claim of federal officer jurisdiction GE has submitted to the Court an affidavit given by Ben J. Lehman, a retired USN rear admiral who served as a ship superintendent in the USN and who claims in that capacity to have had personal involvement with the supervision and oversight of ship construction as well as ship alterations and equipment overhauls. *See* Doc. 14-3. In the past the Court has attached little significance to such evidentiary material, unaccompanied as it is by exemplar contracts between the USN and its contractors or pertinent regulations promulgated by the USN or another responsible agency. *See, e.g., Sether v. Agco Corp.*, Civil No. 07-809-GPM, 2008 WL 1701172, at **3-4 (S.D. Ill. Mar. 28, 2008). Most importantly, even assuming for the sake of argument that it is the case that, as GE claims, the USN exercised the final control over the content of the warnings that accompanied the equipment supplied to it by GE, this does not dispose of the possibility that GE had responsibility for designing the warnings, in whole or in part, or that the USN required contractors like GE to provide safety warnings in accordance with state-law duties of care. *See id.* at *4. The Court is mindful that, "[b]ecause federal officer removal is rooted in 'an anachronistic mistrust of state courts' ability to protect and enforce

---

2. The second prong of the test of federal officer jurisdiction and the first prong of the government contractor defense are very similar, obviously, and they tend to merge in the analysis of a claim of federal officer jurisdiction. *See, e.g., Hilbert v. Aeroquip, Inc.*, 486 F. Supp. 2d 135, 147-48 & n.11 (D. Mass. 2007).

federal interests and immunities from suit,' although such jurisdiction is read 'expansively' in suits involving federal officials, it is read narrowly where, as in this instance, only the liability of a private company purportedly acting at the direction of a federal officer is at issue." *Weese*, 2007 WL 2908014, at *3 (quoting *Freiberg v. Swinerton & Walberg Prop. Servs., Inc.*, 245 F. Supp. 2d 1144, 1150, 1152 n.6 (D. Colo. 2002)). Additionally, the Court is required to construe the record in this case "in the light most favorable to remand while resolving all deficiencies in the record against . . . the proponent of removal[.]" *Alsup*, 435 F. Supp. 2d at 846. This action is due to be remanded to state court.

To conclude, Mr. and Mrs. Sublett's motion for remand (Doc. 7) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: June 30, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge